IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD VAN DER LEEST                          :
201 Ticino Court                               :
New Bern, NC 28562                             :
                                               :
     Plaintiff,                              :
                                               :
v.                                             : Civil Action No:
                                               :
UNUM LIFE INSURANCE COMPANY                    :
OF AMERICA, d/b/a UNUMPROVIDENT                :
1 Fountain Square                              :
Chattanooga, TN 37402                          :
                                               :
SERVE:    Registered Agent                  :
            CT Corporation Systems            :
            1015 15th St., NW                 :
            Suite 1000                        :
            Washington, DC 20005              :
                                               :
and                                            :
                                               :
UNICARE LONG TERM DISABILITY PLAN              :
                                               :
SERVE:    Unilever United States, Inc.      :
            c/o Legal Department              :
            390 Park Ave.                     :
            New York, NY 10222-4608           :
                                               :
     Defendants.                             :

## COMPLAINT

1.     Plaintiff seeks relief under ERISA,  29 U.S.C. § 1001, et seq., specifically ERISA

§502, 29 U.S.C. § 1132.

2.     This court has jurisdiction pursuant over the issues raised herein pursuant to

ERISA §502,  29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1131 (Federal Question).

3.     Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants do

business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4.    This is an action pursuant to 29 U.S.C. 501(a)(1)(B) and (a)(3) to clarify a beneficiary's rights to past and future benefits under the terms of the plan.  Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA.  Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest.  Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a).  Plaintiff seeks an award of attorney's fees and costs.

### Parties

5.    Plaintiff is an adult resident of New Bern, North Carolina.

6.    Plaintiff was a plan participant under a group benefits plan established by Unilever United States, Inc. (Hereinafter, "Unilever") entitled the Unicare Long Term Disability Plan (Hereinafter, "the plan").

7.     Unilever contracted with the Unum Life Insurance Company of America d/b/a UnumProvident  (Hereinafter, "Unum") to act as the claims administrator and insurer for the plan.

### The Disability Contract

8.     Unum has made all of the decisions  regarding plaintiff's claim for disability benefits in this case.

9.    The plan promises to pay benefits if an employee is disabled.

10.     Pertinent plan definitions include the following:

Disability in the plan is defined as follows:

> "Disability" and "disabled" mean that because that because of injury or sickness:
>
> 1.  the insured is cannot perform the material duties of his regular occupation; and
> 2.  After benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education, or experience; or
> 3.  the insured, while unable to perform all of the material duties of his regular occupation on a full-time basis, is:
>     > a.  performing at least one of the material duties of his regular occupation on a full-time basis; and
>     > b.  earning currently at least 20% less per month than his indexed pre-disability earnings due to that same injury or sickness

**Plaintiff's Disability Claim**

11.     Plaintiff suffers from degenerative lumbar disc, sciatica, varicose veins, among other illnesses.

12.     Plaintiff was an employee at Unilever serving as Vice President of Supply Chain at the time when he became disabled on February 28, 2002.

13.     Plaintiff's was paid short term disability benefits directly from Unilever through August, 2002 when he was informed by Unum that an initial review for his claim for benefits had been completed, but would require an additional 45 days to acquire additional medical documentation.

14.     Delay on the claim continued as Plaintiff was made to wait for an interview with a Unum field representative.

15.     Benefits were approved by Unum on November 8, 2002,b ut only under a "reservation of rights."

16.     Unum continued to investigate Plaintiff's claim including:

3

A.    Conducting a defense medical examination;

B.    Attempting to schedule a functional capacity evaluation on several

occasions with only approval by the defense medical examiner and

without the permission of the Plaintiff's treating physician and refusing

Claimant's request to videotape the examination.

C.    Scheduling of a defense neuropsychiatric evaluation which was ultimately

canceled following Claimant' request to videotape the examination.

17.    Plaintiff's claim for benefits was denied on October 22, 2004 in the form of a
fifteen page letter.

18.    Plaintiff timely filed his appeal for benefits on April 6, 2005, which included
extensive medical, functional capacity and vocational information supporting his claim for
disability.

19.    Defendant requested an extension of an additional period of 45 days on May 25,
2005, by which to complete its appellate review.

20.    Defendant failed to complete its review within the extended time period which
ended on July 6, 2005.

21.    Defendant has refused to pay benefits and continues to insist it is continuing its
review despite the protests of Plaintiff.

22.    Plaintiff contacted Defendant and attempted to negotiate either a set time limit for
review or payment of back benefits to the Plaintiff so additional time for review would be
possible. Both such offers refused by Defendant.

23.    Given no alternative and facing economic hardship by Defendant's illegal delay

in

reviewing the claim, Plaintiff has no alternative but to file a lawsuit and seek a deemed denial of benefits due to Unum's conduct.

24.    With the deemed denial, all conditions precedent under the policy have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit.

25.    Plaintiff is entitled to the requested benefits under the plan since he has:

     A.    Satisfied all conditions to be eligible under the plan; and

     B.    Has not waived or otherwise relinquished his entitlement to these benefits.

26.    Prior to appealing all claim denials, Plaintiff's counsel sent a request for claims file documentation which required production of the all summary plan documents, governing claims manual provisions or handling instructions under which this claim was reviewed.  These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.* with continuing requests for production of documents procured during the claim review.

27.    Unum has failed to produce the documentation requested and continues to withhold documentation procured during its file review.

**Requested Relief**

28.    Plaintiff requests that this court review the denial of benefits in this case and declare  that he is entitled to all benefits under the policy including payment of all back benefits long term disability payments with interest.

29.    Plaintiff requests reinstatement of all other plan benefits due to him upon a finding of disability and payment of all back benefits of these types due and owing;

5

30.     Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

31.     Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.* as a result of the failure of Unum to produce the documents requested.

32.     Any such other relief  the Court may deem just and proper.

Respectfully submitted,

_____
Scott B. Elkind, Bar 43881
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorney for Plaintiff