IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RICHARD VAN DER LEEST,**

      **Plaintiff,**　　　　　　　　　　**Civil Action No. 1:05cv01636**

v.

**UNUM LIFE INSURANCE COMPANY
OF AMERICA D/B/A UNUMPROVIDENT,** *et al.*,

      **Defendants.**

## ANSWER

Defendants UNUM Life Insurance Company of America ("UNUM")[1] and Unicare Long-Term Disability Plan (the "Plan"), by counsel, submit this Answer to plaintiff's Complaint.

1-2.　　To the extent the allegations made in paragraphs 1 - 2 of the Complaint allege that the Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), such allegations are admitted. Any remaining allegations made in paragraphs 1 – 2 are legal conclusions to which no response is required.

3-4.　　The allegations made in paragraphs 3 – 4 of the Complaint are legal conclusions to which no response is required.

5.　　Defendants are without information sufficient to form a belief as to the allegations made in paragraph 5 of the Complaint and therefore deny them.

6.　　Defendants admit the allegation made in paragraph 6 of the Complaint that plaintiff was a participant in the employee welfare benefit plan sponsored by Unilever United

---

[1] The Complaint alleges mistakenly that UNUM does business as "UnumProvident." In fact, UNUM is a subsidiary of UnumProvident Corporation, but does not do business as "UnumProvident." Plaintiff's Complaint should be dismissed for misnaming the defendant, or, plaintiff should move the court for entry of an Order correcting the misnomer.

States, Inc. The remaining allegations made in paragraph 6 pertain to documents which speak for themselves and/or are legal conclusions, and, therefore, no response to the same is required.

7. Defendants deny the allegation made in paragraph 7 of the Complaint that UNUM does business as UnumProvident. Defendants admit the remaining allegation made in paragraph 7 that UNUM contracted with Unilever to act as administrator of claims for LTD benefits from the Plan and the insurer of such benefits. Any remaining allegations made in paragraph 7 of the Complaint are denied.

8. To the extent the allegations made in paragraph 8 of the Complaint allege that UNUM administered claims for LTD benefits from the Plan, they are admitted. Any remaining allegations made in paragraph 8 of the Complaint are denied.

9-10. The allegations made in paragraphs 9 – 10 of the Complaint pertain to documents which speak for themselves and no response to the same is required.

11-22. The allegations made in paragraphs 11 – 22 of the Complaint pertain to documents which speak for themselves, namely, UNUM's file maintained in connection with plaintiff's LTD benefit claim (the "Administrative Record"), and, therefore, no response to the same is required. To the extent the allegations vary from those documents or are not within the Administrative Record, they are denied.

23-25. The allegations made in paragraphs 23 – 25 of the Complaint are denied.

26. The allegations made in paragraph 26 of the Complaint pertain to documents which speak for themselves, namely, the Administrative Record, and, therefore, no response to the same is required. To the extent the allegations vary from those documents, they are denied.

27-32. The allegations made in paragraphs 27 – 32 of the Complaint are denied.

33. Defendants are not indebted to the plaintiff for any reason.

34. All allegations made in the Complaint not specifically responded to above are denied.

35. Plaintiff's Complaint may fail to state a claim upon which relief may be granted against Defendants.

36. Plaintiff may be estopped to claim the relief sought in the Complaint.

37. Plaintiff may have waived any rights to claim the relief sought in the Complaint.

38. Plaintiff's claims against Defendants may be barred as a result of the plaintiff's failure to exhaust administrative remedies.

39. Plaintiff's Complaint may be barred by the applicable limitations period and/or laches.

40. Defendants have discharged their duties with respect to the Plan, in the interest of the Plan participants and their beneficiaries, and in doing so, Defendants have acted in accordance with the documents and instruments governing the Plan, as well as applicable law.

41. Defendants assert that, in the event plaintiff is entitled to benefits, which Defendants deny, Defendants are entitled to a set-off for any additional other income benefits that should be taken into account in calculating plaintiff's LTD benefits, including, but not limited to, any benefits plaintiff has received from the Social Security Administration or Workers Compensation.

42. Plaintiff's claims are barred, in whole or in part, because the benefits determination was not the result of an abuse of discretion, unreasonable or made in bad faith, but

rather, was reasonable based on substantial evidence and was in accordance with the terms of the employee benefit Plan.

43. Defendants reserve the right to expand, alter, enlarge, or amend their Answer at any time they may be so advised.

WHEREFORE, defendants request that plaintiff's Complaint be dismissed with prejudice and that they be awarded their attorneys' fees and costs incurred herein.

UNUM LIFE INSURANCE COMPANY OF
AMERICA and UNICARE LONG-TERM
DISABILITY PLAN

By:   /s/ Eric W. Schwartz
                Of Counsel

Eric W. Schwartz, Esquire (D.C. Bar # 415292)
Jennifer A. Kerkhoff, Esquire (D.C. Bar # 475353)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington D.C.  20004
Telephone:  (202) 274-2879
Facsimile:  (202) 274-2994

*Counsel to Defendants UNUM Life*
*Insurance Company of America and*
*Unicare Long-Term Disability Plan*

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2005, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which is to send notification of such filing to all parties and counsel in this case.

              /s/ Eric W. Schwartz

296674